IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SCOTTY LEMOND BARKER #2768 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv189 |
| HENDERSON COUNTY JAIL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Scotty Lemond Barker filed this civil rights lawsuit *pro se* pursuant to 42 U.S.C. § 1983 alleging violation of his civil rights in the Henderson County Jail. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## I. Alleged Facts and Status

Plaintiff alleges that Defendant Colton Alsobrook housed him in a pod with other inmates who were racially biased against him, even though at least one of those same inmates was in a group who became violent and destructive upon Alsobrook's first attempt to house Plaintiff with them. (Dkt. #10 at 5–6.) When a second assault on Plaintiff appeared imminent, Alsobrook caused injury to Plaintiff by pushing him so hard that he fell and hit his head on the floor. (*Id.* at 6.) Plaintiff had to be taken to the hospital with a large laceration on his head. (*Id.*)

The Court is contemporaneously ordering service upon and a response from Defendant Alsobrook on the claims against him.

## II. Legal Standards and Preliminary Screening

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to screening under 28

U.S.C. § 1915(e)(2). He is also an inmate seeking redress in a civil action from a governmental entity, officer, or employee, so his case is subject to screening under 28 U.S.C. § 1915A. Both statutes provide for *sua sponte* dismissal of any claim if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged.

*See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### III. Discussion and Analysis

As mentioned above, the Court is requiring Defendant Alsobrook to respond to Plaintiff's claims against him. However, Plaintiff also sues the Henderson County Jail, which requires separate consideration.

"A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *LeBouef v. Terrebonne Par. Crim. Just. Complex*, No. CV 20-2260, 2021 WL 1200774, at *2 (E.D. La. Mar. 1, 2021), *report and recommendation adopted*, No. CV 20-2260, 2021 WL 1198259 (E.D. La. Mar. 30, 2021) (quoting *Coleman v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013)); *see also Rathmann v. Mississippi Dep't of Corr.*, No . 3:20-CV-33-KHJ-LGI, 2021 WL 310972, at *2 (S.D. Miss. Jan. 29, 2021) ("Numerous courts have held a prison or jail are not entities that can be sued under Section 1983 .

. . because they are not 'persons' for purposes of suit under Section 1983, as the state and case law define that term.") (punctuation and citation omitted). Accordingly, the Henderson County Jail itself is not subject to suit under Section 1983, and Plaintiff's claim against the jail must be dismissed.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint fails to state a claim upon which relief can be granted against the Henderson County Jail.

RECOMMENDATION

Accordingly, the undersigned recommends that the Henderson County Jail be dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 7th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE