IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SCOTTY LEMOND BARKER #2768 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv189 |
| HENDERSON COUNTY JAIL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff Scotty Lemond Barker filed a *pro se* complaint under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights as an inmate in the Henderson County Jail. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Following dismissal of the Henderson County Jail as a Defendant, the sole remaining Defendant, Colton Alsobrook, moved for summary judgment due to Plaintiff's failure to exhaust administrative remedies. (Dkt. ##21, 24.) Plaintiff has had ample opportunity to respond to the motion, which he did not do, and it is ripe for review. For the reasons explained below, the undersigned recommends that the motion be granted and that summary judgment be entered in favor of Defendant.

**I. Plaintiff's Allegations**

Plaintiff alleges that in June 2021,[1] Defendant Alsobrook housed him in an "improper diversify housing pod" of the Henderson County Jail that was inhabited by white racist inmates

---

[1] Plaintiff provided this date in his original complaint (Dkt. #1 at 4) but did not repeat it in his amended complaint. Despite the caution that an amended complaint is the sole operative pleading and must comprehensively set forth all claims (*see* Dkt. #9 at 2), the interests of liberal construction and judicial efficiency dictate the incorporation of the relevant date into the present analysis. Defendant has not contested the timeliness of Plaintiff's claims.

who called him racial slurs and broke window glass in a violent outburst about his placement there. (Dkt. #1 at 5.) Guards moved Plaintiff back to a holding tank to find another housing assignment for him, but Alsobrook later took him back through the same area where the violent reaction to his placement there had occurred. (*Id.*) As the door to Plaintiff's new pod opened, one of the same inmates involved in the earlier outburst approached Plaintiff, calling him a racial slur. (*Id.* at 6.) Alsobrook then turned to Plaintiff and pushed him hard enough to knock him off his feet, causing his head to hit the floor. (*Id.*) Plaintiff had to be taken to the hospital for a large laceration on the back of his head. (*Id.*)

Plaintiff sues Defendant Alsobrook for the housing assignment that put him in danger and for excessive force. He seeks unspecified money damages for pain and suffering and payment of his medical bills. (Dkt. #1 at 4.)

## II. Defendant's Motion and Supporting Evidence

Defendant Alsobrook seeks summary judgment on the basis that Plaintiff failed to exhaust administrative remedies for his claims prior to filing suit. (Dkt. #24.) Specifically, he asserts that the Henderson County Jail has a multi-step grievance procedure for inmates' use, requiring inmates first to submit official grievance forms to a staff member and then to submit any written appeal within five days of the response to the grievance. (Dkt. #24 at 8–9.) According to the written grievance procedures, the ultimate appeal of a formal grievance is to the sheriff or his designee, whose decision is final. (Dkt. #24-1 at 39, 43.) These grievance procedures are explained in the Inmate Handbook provided to inmates upon booking, and Plaintiff signed multiple acknowledgment forms over the years that he received the handbook, including an acknowledgment dated March 4, 2021. (Dkt. #24-1 at 2–19.)

Defendant also relies on the Affidavit of Sheriff Botie Hillhouse. (Dkt. #24-2.) In it, Sheriff Hillhouse testified that Plaintiff submitted a grievance about his June 2021 housing assignment two years later but never appealed the denial of that grievance to him. (*Id.* at 3.) Further, Plaintiff never submitted a grievance specifically about the force used by Defendant Alsobrook. (*Id.*) Included in Defendant's evidence is a grievance by Plaintiff dated February 22, 2023, in which he asserts "alsobrook housed me in a improperly diversified pod in 6-26-21 and i end up getting injured. i can show whoever i need to the scar from the stitches i had in my head." (Dkt. #24-1 at 20.) David Faught responded on February 24, 2023: "I have received and reviewed your grievance appeal. Upon review of your appeal, I have found no misconduct committed by any staff member. Your appeal is denied." (*Id.*) Although Faught references an appeal, and the name electronically given to the document is "Motion for step 2 grievance," Mr. Faught's response is the first and only response in the record, and there is no involvement by Sheriff Hillhouse reflected in it. (*Id.*)

Defendant asserts that this record establishes that Plaintiff did not exhaust his administrative remedies and that Defendant is entitled to summary judgment pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

**III. Legal Standards**

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-*

*Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

**IV. Discussion and Analysis**

Congress enacted the PLRA in 1996, mandating that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (explaining that the primary purpose of a grievance is to give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion requirement in light of its purposes, which "include the goal of giving officials time and opportunity to address complaints internally.") (internal quotations and citation omitted).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and that the requirement will not be excused when an inmate fails to properly exhaust his

administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90–91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). The Court explained that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. The Fifth Circuit has explained the procedures to be followed with regard to claims of failure to exhaust:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010). A prisoner's failure to exhaust certain claims before filing suit in federal court is fatal to those unexhausted claims only. *See Jones*, 549 U.S. at 924 ("There is no reason failure to exhaust on one [claim] necessarily affects any other.").

The evidence submitted by Defendant establishes that Plaintiff failed to comply with that requirement, despite being aware of the grievance procedures in the jail. Defendant asserts that the jail's grievance procedures require appeal to the Sheriff in order to exhaust administrative remedies. Despite some opacity in the verbiage of the jail's handbook, this assertion is supported by the case law of this district. *See*, *e.g.*, *Torgerson v. Henderson Cnty.*, No. 621CV00390JDKJDL, 2022 WL 3695492, at *4 (E.D. Tex. Aug. 1, 2022), *report and recommendation adopted*, No. 6:21-CV-390-JDK-JDL, 2022 WL 3691025 (E.D. Tex. Aug. 25, 2022) ("Thus, for an inmate to exhaust administrative remedies, they must appeal the grievance to the Sheriff."). The only

6

relevant grievance in the record was not directed to Sheriff Hillhouse, and—as it is dated only 2 days after the grievance was submitted and without any intervening response—the response by David Faught could not have been to an appeal of Plaintiff's February 22 grievance.

Plaintiff has failed to respond to the motion for summary judgment with any evidence or argument that he appealed his grievance to the Sheriff or otherwise satisfied the jail's grievance exhaustion procedures. The facts offered by Defendant are therefore undisputed for purposes of this motion. *Wilson v. Lynn*, No. 6:18CV225, 2019 WL 4052486, at *1 (E.D. Tex. July 31, 2019), *report and recommendation adopted*, No. 6:18CV225, 2019 WL 4054964 (E.D. Tex. Aug. 27, 2019) ("Wilson did not file a response to the motion for summary judgment; accordingly, the district court may accept as undisputed the facts listed in support of the Defendants' motion.") (citing *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

In light of Defendant's uncontroverted evidence that Plaintiff failed to exhaust his administrative remedies before filing suit, Section 1997e requires dismissal of this action, and Defendant is entitled to summary judgment.

## RECOMMENDATION

Accordingly, the undersigned recommends that Defendant's motion for summary judgment (Dkt. #24) be **GRANTED.** Plaintiff's claims should be **DISMISSED** without prejudice for failure to exhaust administrative remedies. Defendant's subsequent dispositive motion on the merits of this case (Dkt. #26) should be **DENIED** as moot.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party

from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 13th day of June, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE